FILED
80 JUL 14 AM 9:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| MARK ANTHONY JOHNSON, ) | |
| Petitioner, ) | |
| v. ) | CIVIL ACTION NO. 99-B-1766-S |
| WARDEN GWENDOLYN MOSLEY ) and THE ATTORNEY GENERAL FOR ) THE STATE OF ALABAMA, ) | |
| Respondents. ) | |

ENTERED
JUL 14 2000

## MEMORANDUM OF OPINION

On June 14, 1999, the petitioner signed and mailed the present petition for a writ of habeas corpus for review by this court. However, it was not received within the one-year limitations period provided by the Antiterrorism and Effective Death Penalty Act of 1996 because the envelope containing the same was wrongly addressed. In his petition, Johnson challenges (1) the sufficiency of the evidence adduced at his trial, (2) comments made by the prosecutor in closing argument, and (3) his counsel's failure to provide him with a copy of his trial transcript to prepare his post-conviction challenges. (Doc. 1).

The magistrate judge entered a report on March 31, 2000, recommending that Johnson's petition be denied with prejudice. The magistrate judge found: (1) that the petition was barred by the statute of limitations because the petitioner was responsible for its being wrongly addressed; (2) his first two claims were procedurally barred by *O'Sullivan v. Boerckel*, ___ U.S. ___, 119 S. Ct. 1728, 1732-33, 144 L. Ed. 2d 1 (1999), because they were not presented for review in the Alabama Supreme Court by the filing of a petition for certiorari; and (3) a petition filed pursuant

15

to 28 U.S.C. § 2254 is not available to challenge his claim that counsel failed to provide him with a transcript to advance his post-conviction challenges. (Doc. 11).

The petitioner filed an objection to the report and recommendation. (Doc. 14). He asserts that the failure to correctly address the petition was a result of inaccurate prison records that listed an incorrect address for this court. He also notes that he waited so long before filing his federal petition because he believed that his appellate counsel was still representing his interests in the Alabama state courts.

After reviewing the petitioner's assertions in his objections and the magistrate judge having informed the undersigned that the form given to and used by the petitioner lists the old address for this courthouse, the court finds that the present petition is not barred by the applicable statute of limitations. However, the petitioner is still not entitled to relief on his claims.

The magistrate judge correctly concluded that the challenges to the sufficiency of the evidence and to the prosecutor's reference to "gangster rap" in closing argument were not presented for review to the Alabama Supreme Court. Therefore, examination of the merits of these claims is precluded by *O'Sullivan*, 119 S. Ct. at 1732-33. Additionally, the magistrate judge correctly concluded that the challenge to the prosecutor's closing argument was procedurally defaulted because trial counsel did not properly preserve the issue for appeal. The petitioner has not shown cause and prejudice or manifest injustice to excuse the default. Accordingly, these claims are barred from review.[1] *Wright v. Hopper*, 169 F.3d 695, 706 (11th

---

[1] The court also notes that the petitioner never challenged counsel's effectiveness at trial or on appeal, including his decision not to file a petition for a writ of certiorari, under previously available post-conviction procedures. *See Ala. R. Crim. P.* 32. Although the petitioner asserts that his failure to file a post-conviction challenge is attributable to the unavailability of a trial transcript, the court finds this to be insufficient to excuse his failure to pursue his previously available state remedies.

2

Cir.), *cert. denied*, ___ U.S. ___, 120 S. Ct. 336 (1999). Finally, the magistrate judge correctly found that the petitioner's last claim, that his "Constitutional right to a post-conviction judicial review of his case has been compromised" because neither the state court nor counsel provided him with a free copy of his transcript for use in preparing his post-conviction petition, is not appropriate for substantive review under § 2254.

The court has considered the entire file in this action, including the Magistrate Judge's Report and Recommendation and the petitioner's objections thereto, and has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved except as stated above. The court hereby adopts and approves the findings and recommendation of the magistrate judge with the exception noted above as the findings and conclusions of the court. In accordance with the recommendation, this petition for writ of habeas corpus is due to be dismissed with prejudice. An appropriate order will be entered.

**DONE**, this 13th day of July, 2000.

SHARON L. BLACKBURN
UNITED STATES DISTRICT JUDGE